UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| PIONEER HI-BRED INTERNATIONAL, INC., | ) ) ) | CIV. 07-4097-KES |
| Plaintiff, | ) ) | |
| | ) | ORDER |
| vs. | ) ) | |
| THOMAS KONRAD and MARGARET KONRAD, d/b/a R.D.M. Farms, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, Pioneer Hi-Bred International, Inc., moves for an award of attorneys' fees and costs. Defendants do not contest that plaintiff is entitled to a reasonable award of attorneys' fees and costs, but they do object to the amount of attorneys' fees requested. Defendants' attorneys also move to withdraw from representing defendants.

Defendant Thomas Konrad signed a confession of judgment in favor of Pioneer in the amount of $94,245.57, plus interest, on January 8, 2009. Thomas Konrad also confessed judgment for the "costs, fees, and expenses, including but not limited to attorneys' fees, expended by Pioneer through the date of this Confession of Judgment in connection with pursuing the

claim of Pioneer against Konrad." (Docket 77). Pioneer now seeks an award of $90,097.41 in fees and $5,794.19 in costs.

This case basically is a collection action. Konrad owed Pioneer money for corn and soybean seed and failed to pay. Pioneer's amended complaint alleges causes of action for breach of express contract, breach of implied contract, violation of the Uniform Commercial Code, unjust enrichment, and promissory estoppel. Konrad defended the lawsuit by claiming that the products delivered by Pioneer were not planted in his fields. As a result, Pioneer spent time documenting its sales, deliveries, and Konrad's planting for the crop year at issue.

When considering a claim for fees on a breach of contract action, the court should multiply the number of hours reasonably expended times a reasonable hourly rate of counsel to determine a reasonable fee under all the circumstances of the case. See Karl's Inc. v. Sunrise Computers, Inc., 21 F.3d 230, 232 (8th Cir. 1994); Gumbhir v. Curators of the University of Missouri, 157 F.3d 1141, 1146 (8th Cir. 1998). It is not error for the court to base a fee award on in-state rates because a "reasonable hourly rate is usually the ordinary rate for similar work in the community where the case has been litigated." Emery v. Hunt, 272 F.3d 1042, 1048 (8th Cir. 2001).

Pioneer requests an award of fees for work performed by eight attorneys and one paralegal as listed below:

| Name | Title | Hours | Billing Rate |
|---|---|---|---|
| B. Jones | Partner | .9 | $337.50-$368 |
| K. Walker | Partner | 10.1 | $319.50-$361 |
| R. Johnson | Partner | 12.0 | $275 |
| M. Carpenter | Partner | 34.4 | $279-$307 |
| C. Gunkel | Associate | 28.3 | $150-$190 |
| T. Langel | Associate | 292.9 | $189-$210 |
| J. Bylund | Associate | 0.3 | $157.50 |
| J. Intermill | Associate | 65.3 | $148.50-$168 |
| L. Stephens | Paralegal | 15.6 | $163.35 |

After a review of the billing, the court finds that several of the entries are block-billed. For example, on January 6, 2009, the bill reflects a block-entry for 5.10 hours for "e-mail exchange and telephone conferences." While not outright banned, the Eighth Circuit has expressed displeasure with generalized billing that hinders the court's ability to conduct a meaningful review of the fee application and has authorized district courts to apply a percentage reduction for inadequate documentation. See Miller v. Woodharbor Molding & Millworks, Inc., 174 F.3d 948, 949-50 (8th Cir. 1999).

Furthermore, a review of the bills indicates that paralegals, associate attorneys, a first partner, and then a second partner, periodically prepared and reviewed work on the same issue. "A court may reduce attorney hours, and consequently fees, for inefficiency or duplication of services in cases

where more than one attorney is used." A.J. ex rel. L.B. v. Kierst, 56 F.3d 849, 864 (8th Cir. 1995).

After considering both the block-billed entries and the duplication of work issues, the court finds that the number of hours billed by Pioneer's attorneys should be reduced by 25 percent.

Next, the court will consider the reasonable rate for attorney's fees in South Dakota. This was not a complex case. No specialized legal knowledge was necessary to prepare the complaint, to conduct discovery, or to prepare for trial. As a result, the court will consider the average hourly rate charged by South Dakota attorneys in similar non-complex litigation in federal district court. In a case that was comparably not complex, plaintiff's attorneys from one of the larger law firms in Rapid City represented to the court that their normal hourly fee was $180 for the partners, $150 for the associates, and $65 for the paralegal. See Bishop v. Pennington County, 06-5066, Docket 97. Defendant in that case did not object to the partner rate or the paralegal rate, but did object to the associate rate. This court found all the rates as requested to be reasonable. Id. at 13-15. The court has approved similar hourly rates for South Dakota attorneys' fees for non-complex litigation in other cases. Accordingly, it finds that a reasonable hourly rate in South Dakota for partners is $180, for associates is $150, and for paralegals is $65.

Thus, the court finds that a reasonable award of attorneys fees is as follows:

| Title | Hours After 25 Percent Reduction | Rate | Total |
|---|---|---|---|
| Partners | 43.05 | $180 | $7,749.00 |
| Associates | 290.10 | $150 | $43,515.00 |
| Paralegal | 11.70 | $65 | $760.50 |
| Total | | | $52,024.50 |

The court sees no reason to make a further adjustment to this award based on the success of the litigation or any other factor.

Konrad has not objected to the costs as set forth in Pioneer's application for costs and attorneys' fees. As a result, the court awards the full amount of costs requested in the amount of $5,794.19.

Finally, John D. Mayne and all of the attorneys from the firm of Bikakis, Mayne, Arneson, Hindman & Hisey move to withdraw from further representation of defendants. Pioneer does not object. Konrad has not filed an objection. Thus, the motion to withdraw is granted.

Accordingly, it is hereby

ORDERED that plaintiff's motion for attorneys' fees and costs is granted (Docket 79), and plaintiff is entitled to an award of attorneys' fees in the amount of $52,024.50 and costs in the amount of $5,794.19. Judgment shall be entered accordingly.

IT IS FURTHER ORDERED that the motion of John D. Mayne and all of the attorneys from the firm of Bikakis, Mayne, Arneson, Hindman & Hisey to withdraw from further representation of defendants (Docket 70) is granted.

Dated September 2, 2009.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE